CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
05/14/2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action No. 5:17-cr-00022 |
| KENDALL DEMARKO WYSINGER, | ) By: Elizabeth K. Dillon |
| Defendant. | )      Chief United States District Judge |

| | |
|---|---|
| KENDALL DEMARKO WYSINGER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:25-cv-00045 |
| UNITED STATES, | ) By: Elizabeth K. Dillon |
| Defendant. | )      Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

In an order entered July 16, 2024, the court denied a pro se motion from defendant Kendall Demarko Wysinger (Wysinger) seeking the return of property pursuant to Federal Rule of Criminal Procedure 41(g). (Dkt. No. 232 (denying Dkt. No. 229).) In part, the court denied Wysinger's motion because the United States insisted that it might need the items to defend against Wysinger's § 2255 motion or in the event of a retrial. (*Id.* at 3–4.) At this time, however, the deadline for filing a § 2255 motion has passed, and Wysinger has not filed one.[1] Thus, that reason for not returning his property no longer exists.

Pending before the court is a letter motion from Wysinger once again seeking the return of

---

[1] Wysinger sought an extension of time to file a § 2255 motion. As the court advised him in dismissing that motion without prejudice, it could not rule on a motion for extension of time to file a § 2255 without a draft motion itself or at least a list of the grounds for any such motion. (Dkt. No. 239 (dismissing Dkt. No. 238).)

certain property, although it is different property than he described in his first motion. In his most recent letter motion, he states that on March 24, 2016, a search warrant was executed at his property in Bunker Hill, West Virginia. He alleges that during the search a number of items were confiscated for evidence, including his cars, other unspecified "electronics," radio, "TVs flatscreen," and a playstation. (Ltr. Mot. 1, Dkt. No. 242.) He asks that the property be returned to him and, if those items have been sold without his consent, that he be compensated. It also appears that he is seeking a copy of the search warrant itself and the list of items seized. (*Id.* at 1–2.)

## I. BACKGROUND

The criminal judgment against Wysinger was entered on September 10, 2020, imposing a term of life imprisonment on three counts, to be served concurrently with a 120-month sentence on the fourth. He appealed, and the Fourth Circuit affirmed his convictions and sentence in full. (Dkt. No. 222.) The Supreme Court denied his petition for certiorari on October 3, 2023. (Dkt. No. 226.) As noted, he has not filed a motion under 28 U.S.C. § 2255, and the time for doing so has passed.

In responding to Wysinger's first motion asking for the return of property, the United States explained that the Federal Bureau of Investigation (FBI) possesses only Wysinger's insurance and financial paperwork, four CDs/DVDs, and a laptop computer. (Dkt. No. 231.) The government also noted that the Drug Enforcement Administration (DEA) possesses two cellular phones related to this case—though neither is associated with Wysinger. Evidence at trial included forensic extractions from other cellular phones in the Ocean City Maryland Police Department's (OCPD) possession. According to the government filing, and "upon information and belief," the OCPD destroyed the physical phones in 2023, one of which was attributed to Wysinger. Thus, the United States already has represented that neither the FBI nor the DEA possesses any of the items referenced in Wysinger's latest motion (cars, a television, radio, playstation, and other electronics). It is unclear whether other law enforcement agencies may possess those items or whether the federal

government can be deemed to have actually or constructively possessed that property, if seized by state officials. *Cf. United States v. Scates*, No. 3:98CR87, 2002 WL 32362034, at *1 (E.D. Va. 2002) (discussing constructive possession in this context).

## II.  DISCUSSION

Wysinger's letter motion seeks relief permitted under Federal Rule of Criminal Procedure 41(g). That subsection states that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g). "The general rule is that seized property should be returned to the rightful owner after criminal proceedings have terminated, 'unless it is contraband or subject to forfeiture.'" *United States v. Roca*, 676 F. App'x 194 (4th Cir. 2017) (citation omitted).

A motion filed under Rule 41(g) after criminal proceedings have concluded is properly construed as a civil action. *United States v. Garcia*, 65 F.3d 17, 20 (4th Cir. 1995). Accordingly, the court will direct the Clerk to open this action as a civil action in the Harrisonburg division of this court.[2] Further, because Wysinger is currently incarcerated, he is subject to the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915, applicable to civil actions. Under the PLRA,

---

[2] Construed as a civil action, it appears that venue is not proper in this court. Within the Fourth Circuit, a defendant's Rule 41(g) motion for return of property, if brought after the criminal case has ended, must be filed in the district where the property sought was seized. *Garcia*, 65 F.3d at 21; *United States v. Ebert*, 39 F. App'x 889, 894 (4th Cir. 2002). According to Wysinger's letter motion, the property was seized in Bunker Hill, West Virginia, within Berkeley County and within the jurisdiction of the Northern District of West Virginia. Thus, it appears that venue is proper there and not in this court.

As the *Ebert* court explained, however, a party's right to a particular venue may be waived. Thus, the United States could consent to allow Wysinger's Rule 41(g) motion to be heard by this court by waiving any defense to improper venue in its answer. *See* 39 F. App'x at 894 n.4. Because the United States has not yet had an opportunity to either challenge venue or consent to it, the court will not dismiss for improper venue at this time. *See Hill v. Quintana*, 770 F. App'x 66 (4th Cir. 2019) (finding a sua sponte dismissal for lack of venue in a federal habeas case to be improper, although affirming on other grounds). *See also Martin v. Stowe*, No. 7:22-cv-00075, 2022 WL 985946, at *3 (W.D. Va. Mar. 31, 2022) (collecting authority taking contrary positions, in either (1) sua sponte dismissing cases for improper venue or transferring cases to the proper venue; or (2) holding that a court may not sua sponte dismiss a case for improper venue).

3

he must either pay the full filing fee or be granted leave to proceed *in forma pauperis* before the United States will be required to respond to his complaint. *See United States v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000) (holding that the PLRA applies to a post-conviction Rule 41(g) motion converted to a civil action).

### III. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that Wysinger's letter motion for return of seized property (Dkt. No. 242) is CONSTRUED as a civil action. The Clerk shall docket that motion as a civil complaint in a new case, assigning the case a civil action number in the Harrisonburg division. All further submissions relating to the requested property shall be filed only in the civil action and not in his criminal case.

It is further ORDERED as follows:

(1) The complaint shall be conditionally filed pending satisfaction of the requirements set forth herein. Wysinger is advised that the court will not adjudicate legal and factual matters discussed in either a pleading or motion in this conditionally filed action until plaintiff cures the deficiencies noted in this Order. Accordingly, plaintiff is encouraged to first resolve the noted deficiencies before filing motions or pleadings.

(2) Wysinger shall complete the enclosed complaint form and provide any additional details about the search or the property he alleges was either improperly taken or properly seized but not returned. Wysinger shall have 30 days to file an amended complaint on the enclosed form. The amended complaint will replace the original complaint and constitute the sole complaint in this action. **Failure to file an amended complaint within 30 days from the date of entry of this order will result in the dismissal of the action without prejudice**.

(3) Plaintiff is assessed fees of $405.00 in this case, which includes a $55.00 administrative fee.

(4) Plaintiff is hereby provided **the opportunity** to apply to proceed in forma pauperis and is not required to pay the filing fee at this time. If the court determines that the plaintiff may proceed in forma pauperis, plaintiff will be required to pay the $350.00 filing fee without the additional $55.00 administrative fee and may pay the fee in installments withheld from his inmate trust account, pursuant to 28 U.S.C. § 1915(b). To request authorization to pay the fee in installments withheld from his inmate trust account, pursuant to the requirements of 28 U.S.C. § 1915(a)(2), plaintiff must return to the court a statement of assets and a prisoner trust account report (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The prisoner trust account report must be filled out, signed, and dated by the appropriate prison official of each prison at which plaintiff is or was confined during that six-month period. See enclosed form(s). FAILURE OF THE PLAINTIFF TO SUBMIT THE REQUESTED INFORMATION WITHIN THIRTY (30) DAYS SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE. This Order may be rescinded if the court determines that plaintiff has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim, pursuant to 28 U.S.C. § 1915(g). Plaintiff is notified that if he does not qualify to proceed without prepayment of the filing fee under § 1915(a)(2), he will be required submit the full $350.00 filing fee and as of December 1, 2023, a $55.00 administrative fee before his civil action can proceed.

(5) Plaintiff is advised that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee and, as of December 1, 2023, a $55.00

administrative fee, if the prisoner has brought on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Plaintiff is advised that if plaintiff has had prior cases dismissed for any of the above-stated reasons, these prior dismissals may limit plaintiff's ability to file new cases without prepaying the full $405.00 in filing costs. If plaintiff believes that this case, or any other pending case, may be dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, plaintiff may file a motion for voluntary dismissal of such case(s) pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

(6) Plaintiff shall notify the court in writing immediately upon plaintiff's transfer or release and shall provide a new address. FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE.

(7) All non-dispositive matters in this case will be referred to United States Magistrate Judge Joel C. Hoppe.

(8) Wysinger must include the above referenced case number in any document that he submits to the court related to this action. Plaintiff's submissions should be legible, written on one side of the paper only, with at least one-inch of clear space on all sides of the page. In any document plaintiff submits to the court, pursuant to General Rule 8 of the Local Rules of the United States District Court for the Western District of Virginia, plaintiff must omit, black out, or abbreviate personal data identifiers as follows: social security numbers (use only the last four digits), names of minor

children (use initials), dates of birth (list only the birth year), financial account numbers (list only the last four digits), and home addresses (list only city and state). Submissions that do not comply with this paragraph may be returned to plaintiff without being entered by the court. All mailed pleadings should be sent to: Clerk, U.S. District Court, 210 Franklin Road, S.W. Suite 540, Roanoke, VA 24011-2208.

The Clerk is directed to send a copy of this Order to the Wysinger, along with a blank form for filing an amended complaint, a statement-of-assets form, and a prisoner trust account report.

Entered: May 14, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge