CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
August 18, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Case No. 5:17-cr-00022 |
| v. | ) | |
| | ) | |
| KENDALL DEMARKO WYSINGER, | ) | By: Elizabeth K. Dillon |
| Movant. | ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Kendall Demarko Wysinger, a federal inmate proceeding *pro se*, has filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. (*See* Dkt. Nos. 246, 247, 250.) Having reviewed the record, the court concludes that Wysinger's motion is barred by the statute of limitations. Accordingly, the court will dismiss the motion as untimely filed.

Wysinger was convicted by a jury of conspiracy to commit sex-trafficking, interstate transportation for the purpose of prostitution, distribution of, and possession with intent to distribute, fentanyl, the use of which resulted in death, and distribution of, and possession with intent to distribute, fentanyl, the use of which resulted in serious bodily injury. Wysinger's convictions and sentence were affirmed on appeal. (Dkt. No. 222.) The United States Supreme Court denied a petition for certiorari on October 3, 2023. (Dkt. No. 226.)

On November 11, 2024, the court denied Wysinger's motion for an extension of time to file a § 2255 motion. The court denied the motion for lack of jurisdiction because the request was not filed with or after the § 2255 petition, and the motion could not be construed as the § 2255 petition itself. (Dkt. No. 239.) The court noted that "even if the court had jurisdiction to rule on Wysinger's motion, it appears that the one-year limitations period expired before Wysinger filed this motion." (*Id.* at 1 n.1.)

More than a year later, on March 16, 2026, Wysinger filed a § 2255 motion. (Dkt. No. 246.) The court issued a conditional filing order directing Wysinger to address the timeliness of his motion. (Dkt. No. 249.) Wysinger has filed a § 2255 motion on the correct form in response to the court's order. (Dkt. No. 250.)

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some improper governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court, or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). For purposes of the one-year limitations period under § 2255(f)(1), the defendant's conviction becomes final when the last appeal is decided or the time to file such an appeal expires. *United States v. Johnson*, 203 F.3d 823, 2000 WL 37753, at *1 (4th Cir. 2000) (unpublished table decision); *cf. Clay v. United States*, 537 U.S. 522, 528 (2003) (holding that where a petition for certiorari is not filed after a court of appeals decision, the conviction is final when the time for filing the petition expires). In this instance, Wysinger's appeal became final on October 3, 2023, when the United States Supreme Court denied his petition for a writ of certiorari. *See United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001) (conviction becomes final for purposes of § 2255(f)(1) when the Supreme Court denies a petition for certiorari). Wysinger did not file his § 2255 motion until the end of March 2026, more than two years past the deadline as calculated under § 2255(f)(1).

In response to the court's conditional filing order, Wysinger argues that his motion should be considered timely because after the Fourth Circuit affirmed his convictions, he did not have an attorney and was forced to act pro se. Wysinger also notes that there have been

lockdowns in his institutions, he has been transferred two times, and he "didn't receive the right access to law, which I had to start reading and filing pro se with the computers not always running up proper." (Dkt. No. 250 at 10 of 13.)

The court construes Wysinger's argument as requesting that the limitations period should be equitably tolled. Equitable tolling is available when a petitioner has been "pursuing his rights diligently, and some extraordinary circumstances stood in his way" to prevent timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable tolling is permitted only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Wysinger may also be arguing that the limitations period should run from a later date pursuant to either § 2255(f)(2) (the date on which the impediment created by governmental action was removed) or § 2255(f)(4) (the date on which the facts supporting the claim could have been exercised through due diligence).

Wysinger's pro se status is not enough to toll the limitations period. *See United States v. Fuentes*, Criminal Action No. 5:04-cr-30017-1, 2016 WL 1273455, at *2 (W.D. Va. Mar. 28, 2016) (explaining that pro se status and ignorance of the law does not justify equitable tolling) (citing *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)). Also, courts have held that the failure to provide access to legal materials generally does not constitute an "impediment" within the meaning of § 2255(f)(2)'s tolling provision. *See Laposay v. United States*, No. 1:12-CR-146, 2016 WL 2946175 (E.D. Va. May 19, 2016) (explaining that "incarceration at multiple jails with no library or library clerk is not violative of "[a § 2255 petitioner's] constitutional rights in any way" and finding that § 2255(f)(2) tolling provision did not apply); *United States v. Wampler*, 2008 WL 565108 (W.D. Va. Feb. 29, 2008) (citing *Lewis v. Casey,* 518 U.S. 343 (1996) (finding

that constitution does not require certain type of legal assistance or legal access for inmates and that to prove constitutional violation, inmate must show lack of access significantly hampered his ability to litigate viable legal claim)).

In his timeliness argument, Wysinger also refers to an actual innocence claim. (Dkt. No. 250 at 10.) The Supreme Court has held that a "convincing showing" of actual innocence can provide a "gateway" to federal habeas review of claims filed outside the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2019). Wysinger has not met this "demanding" standard. *See id.* (explaining that "tenable actual innocence gateway pleas are rare: 'A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'") (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Ultimately, Wysinger has not shown that he attempted to obtain access to legal materials, seek legal assistance, or start preparing his § 2255 motion in the year following his conviction becoming final, and that he was prevented from doing so. Thus, neither equitable tolling, § 2255(f)(2), or § 2255(f)(4) applies, and Wysinger's § 2255 action is untimely.

It is hereby ORDERED that Wysinger's motion pursuant to 28 U.S.C. § 2255 (Dkt. Nos. 246, 247, 250) is DISMISSED as untimely. The Clerk is directed to STRIKE this action from the active docket of the court.

Further, finding that Wysinger has failed to make a substantial showing of the denial of a constitutional right and has failed to demonstrate that this court's dispositive procedural ruling is debatable, a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c).

The Clerk is directed to send a copy of this order to Wysinger and to counsel for the United States.

Entered: August 18, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge